IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

RAYMOND HARRIS,

       Petitioner,

v.                             Case No. 2:05-cv-00221

THOMAS MCBRIDE, Warden,
Mount Olive Correctional Complex,

       Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (docket sheet documents ## 1 and 6[1]) and Respondent's Motion to Dismiss for Failure to Exhaust State Remedies (# 12). This matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner filed his section 2254 petition on March 14, 2005. On April 15, 2005, the undersigned entered an Order directing

---

[1] On March 14, 2005, Petitioner filed a petition foe a writ of habeas corpus on a form used by the West Virginia State courts. (# 1). On March 24, 2005, pursuant to the undersigned's Order, Petitioner filed his petition on the form used to file a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (# 6). Although the undersigned will rely upon the information as stated in Petitioner's petition in document # 6, the undersigned will consider Petitioner's section 2254 petition to have been filed as of March 14, 2005.

Respondent to file a response to the petition by May 16, 2005.  (#
8).  On April 22, 2005, Petitioner filed a Supplemental Brief in
support of his petition.  (# 10).

On May 11, 2005, Respondent filed a Motion to Dismiss Petition
for Failure to Exhaust State Remedies, and related exhibits.  (#
12).  The Motion contains the following procedural history:

Petitioner pled guilty to one count of sexual abuse in the
first degree in the Circuit Court of Nicholas County, West
Virginia, on April 7, 2003, (Case No. 03-F-8).  By Order entered on
June 16, 2003, Petitioner was sentenced to a term of imprisonment
of one to five years.  Petitioner, by counsel, subsequently filed
a Motion for Reconsideration of Sentence, which was denied on
October 8, 2003.  No petition for appeal to the Supreme Court of
Appeals of West Virginia (the "SCAWV") was filed by the deadline of
October 16, 2003.

However, on September 29, 2003, Petitioner, acting <u>pro</u> <u>se</u>,
filed a Petition for a Writ of Habeas Corpus in the SCAWV.  The
SCAWV reviewed the petition under its original jurisdiction and
summarily refused the petition on April 1, 2004.  (# 12, Ex. 4).

### <u>ANALYSIS</u>

Respondent asserts that all of the claims contained in
Petitioner's section 2254 petition are unexhausted because
Petitioner's original jurisdiction petition was summarily refused
by the SCAWV.  <u>See</u> <u>Meadows v. Legursky</u>, 904 F.2d 908-909 (4th Cir.

1990.  (# 12 at 4-5).  The undersigned agrees.

Section 2254(b)(1)(A) of Title 28 of the United States Code, states that a petition for a writ of habeas corpus filed in a Federal district court by a prisoner in State custody shall not be granted, unless it appears that the applicant has exhausted the remedies available in the State courts, or if the State has waived the exhaustion requirement.  28 U.S.C. §§ 2254(b)(1)(A), (b)(3).

In West Virginia, prisoners may exhaust their available State court remedies either by stating cognizable Federal constitutional claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a State circuit court, pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling to the SCAWV.  Moore v. Kirby, 879 F. Supp. 592, 593 (S.D.W. Va. 1995); McDaniel v. Holland, 631 F. Supp. 1544, 1545 (S.D.W. Va. 1986).  A prisoner may also exhaust the State court remedies by filing a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV. However, an original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the prisoner's State court remedies.  See Moore, 879 F. Supp. at 593; McDaniel, 631 F. Supp. at 1546; see also, Meadows v. Legursky, 904 F.2d 903, 908-909 (4th Cir. 1990)(abrogated on other grounds, Trest v. Cain, 522 U.S. 87 (1997)).

Petitioner neither sought a direct appeal[2], nor filed a habeas corpus petition in the Circuit Court of Nicholas County, followed by an appeal to the SCAWV.   Rather, Petitioner filed a habeas corpus petition in the SCAWV that was construed to have been filed under the court's original jurisdiction.  Because that petition was summarily refused, with no indication that the refusal was with prejudice and on the merits, the claims contained therein remain unexhausted.   Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the claims contained in Petitioner's section 2254 petition have not been properly exhausted in the State courts.

Petitioner filed his section 2254 petition with 19 days remaining under the one-year statute of limitations, as set forth in 28 U.S.C. § 2244(d)(1).  However, the filing of Petitioner's section 2254 petition did not toll the statute.  See Duncan v. Walker, 533 U.S. 167, 181-182 (2001)(a section 2254 petition is not a "properly filed application for State post-conviction or other collateral relief" under 28 U.S.C. § 2244(d)(2)).   Thus, the statute of limitations continued to run until it expired on April 2, 2005.

———————————

[2] From the documents attached to Petitioner's section 2254 petition, and his Supplemental Brief, it appears, however, that Petitioner believed that the document he filed in the SCAWV was an appeal of his conviction and sentence.

4

Because the claims in Petitioner's section 2254 petition are unexhausted, they must be dismissed without prejudice. However, the statute of limitations has expired, and Petitioner will be unable to return to Federal court, following the exhaustion of his State court remedies, unless the court holds his section 2254 petition in abeyance.

The United State Supreme Court recently addressed the issue of abatement in Rhines v. Weber, 125 S. Ct. 1528, 1535 (2005). The Court granted certiorari to resolve a circuit split, and held that a district court has discretion to stay a petition to allow a petitioner to present his unexhausted claims to the State court, but only in limited circumstances. The Court ruled that "stay and abeyance is only appropriate when the district court determines that there is good cause for the petitioner's failure to exhaust his claims first in state court." Id.

Because it appears that Petitioner, in fear that he would miss the deadline for filing an appeal, was attempting to file a direct appeal of his conviction and sentence when he filed the habeas corpus petition in the SCAWV on September 29, 2003, the undersigned believes that Petitioner has made a good faith effort to pursue post-conviction remedies, and that such effort should serve as sufficient cause to warrant a stay and abeyance of Petitioner's section 2254 petition, pending his proper exhaustion of remedies available in the State courts.

Accordingly, the undersigned proposes that the presiding District Judge **FIND**, pursuant to the holding in <u>Rhines v. Weber</u>, 125 S. Ct. 1528, 1535 (2005), that there is good cause for Petitioner's failure to exhaust his claims in the State courts. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **STAY** this proceeding and **HOLD IN ABEYANCE** Petitioner's section 2254 petition, pending Petitioner's exhaustion of the available State court remedies. It is further respectfully **RECOMMENDED** that the presiding District Judge **DIRECT** the Clerk to transfer this matter to the inactive docket until further notice from Petitioner that his State court remedies have been exhausted.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

6

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals.  Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on the opposing party, Judge Chambers, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner and counsel of record.

<table>
<tr><td>_____October 6, 2005_____</td><td>_Mary E. Stanley_____</td></tr>
<tr><td>Date</td><td>Mary E. Stanley<br>United States Magistrate Judge</td></tr>
</table>