IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

RAYMOND HARRIS,

    Petitioner,

vs.              CASE NO.  2:05-CV-00221

THOMAS MCBRIDE, Warden,
Mount Olive Correctional Complex,

    Respondent.

**ORDER**

  This matter is before the Court on review of the Magistrate Judge's Findings and Recommendations that the claims contained in Petitioner's writ for habeas corpus filed under 28 U.S.C. § 2254 have not been properly exhausted in the state courts, and that this proceeding should be stayed and held in abeyance pending state exhaustion.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court referred this matter to United States Magistrate Judge Mary E. Stanley for submission to the Court of her Findings and Recommendation.  Judge Stanley submitted her report on October 6, 2005.  Thereafter, on October 28, 2005, Petitioner submitted objections to the Findings and Recommendation.  Upon *de novo* review of Petitioner's objections, the Court **ACCEPTS** and **INCORPORATES** herein the Findings and Recommendation of the Magistrate Judge.

  Petitioner entered into a plea agreement on one count of sexual abuse and was sentenced to a term of 1 to 5 years on June 16, 2003.  Petitioner, by counsel, subsequently filed a motion for reconsideration of the sentence which was denied.  A petition of appeal to the Supreme Court of Appeals of West Virginia ("SCAWV") was not received by the deadline on October 16, 2003.  However, on September 29, 2003, Petitioner filed a *pro se* petition for a writ of habeas corpus

construed as under the original jurisdiction of the SCAWV. The Supreme Court summarily refused the petition on April 1, 2004. On March 14, 2005, Petitioner filed his *pro se* section 2254 petition with only nineteen days remaining under the one-year statue of limitations as set forth in 28 U.S.C. § 2254(d)(1). Respondent filed a motion to dismiss for failure to exhaust state remedies on May 11, 2005.

In his objections to the Magistrate Judge's Findings and Recommendations, Petitioner apparently raises the following objections: (1) his plea agreement was for a plea of no contest to the underlying state charges; (2) such plea documents stated that any appeal should be taken to the SCAWV; (3) he has not been appointed counsel for the appeal; (4) he has been denied certain requested transcripts and/or documentation; and (5) that his due process rights have been violated.

Petitioner seems to suggest that he did exhaust state remedies by appealing to the SCAWV. In fact, Petitioner filed a habeas petition to the SCAWV and never filed an appeal. If the SCAWV indicated that it denied the petition with prejudice, then the claims would have been exhausted. *See Moore v. Kirby*, 879 F.Supp. 592, 593 (S.D.W. Va. 1995). In this case, the SCAWV summarily denied the writ without any indication that the denial was with prejudice. Petitioner failed to take any other action to satisfy the exhaustion requirement. Accordingly, the Court adopts the finding and reasoning of the Magistrate Judge that the claims in the 2254 petition have not been properly exhausted. *See* Mag. Prop. Find. and Rec. at 2-4.

This Court further supports the conclusion that this proceeding should be stayed and held in abeyance pending the Petitioner's exhaustion of state remedies. Petitioner's filing of his 2254 petition did not toll the statute of limitations under 28 U.S.C. § 2254(d)(1). *See Duncan v. Walker*, 533 U.S. 167, 181-182 (2001). Therefore, the statute of limitations expired on April 2, 2005.

Petitioner will be unable to exhaust the state remedies, and then subsequently return to federal court. This Court agrees with the Magistrate Judge that Petitioner has made a good faith effort to pursue post-conviction remedies. It appears that his filing of the habeas corpus petition in the SCAWV on September 29, 2003 was an attempt to file a direct appeal of his conviction and sentence before the October 16, 2003 deadline. Petitioner's objections to the findings and recommendations continue to show his intention to file an appeal to his sentence to the SCAWV. Accordingly, this Court determines that "there is good cause for the petitioner's failure to exhaust his claims first in state court," and a stay is warranted. *Rhines v. Weber*, 125 S.Ct. 1528, 1535 (2005). Pursuant to *Rhines*, this Court must place " reasonable time limits on petitioner's trip to state court and back." *Id.* As such, the proceedings are stayed and held in abeyance pursuant to the following:

> (1) the stay is conditioned on the petitioner pursuing state court remedies within 30 days of the entry of this order; and

> (2) if he should still desire, the petitioner must return to federal court within 30 days after state court exhaustion is completed.

*See id.*, citing *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001).

For the reasons set forth above, the Court **ACCEPTS** and **INCORPORATES** herein the Findings and Recommendation filed on October 6, 2005, and **FINDS** that the claims contained in Petitioner's section 2254 petition have not been properly exhausted in state courts. The Court **ORDERS** these proceedings **STAYED** and **HELD IN ABEYANCE** in accordance with this order. The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Stanley, all counsel of record, and any unrepresented parties.

ENTER:   November 30, 2005

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE